# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 19, 2021

Lyle W. Cayce
Clerk

No. 21-50293
Summary Calendar

In the Matter of: Mohammad Reza Assadi,

*Debtor*,

Mohammad Reza Assadi, *doing business as* Robland, L.L.C., *doing business as* F&F Family, L.P., *doing business as* Landmag Corporation, *doing business as* Amrco, Incorporated, *doing business as* Gidland Corporation, *doing business as* Texas Ecars, L.L.C., *doing business as* F&F Operating Company, L.L.C., *doing business as* Auomax Automotive Group,

*Appellant*,

*versus*

Randolph N. Osherow,

*Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:20-CV-998

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

Debtor Mohammad Reza Assadi filed a voluntary petition under Chapter 11 of the Bankruptcy Code on July 7, 2020. On September 11, 2020, in a show-cause hearing, the bankruptcy judge converted the case from one under Chapter 11 to Chapter 7 for reasons including Assadi's bad title to his real property assets and his lack of consistent income. Assadi, proceeding *pro se*, challenged the bankruptcy court's conversion order, and the district court affirmed. The sole issue on appeal is whether the bankruptcy court erred by involuntarily converting the case to Chapter-7 liquidation for cause pursuant to 11 U.S.C. § 1112(b)(1). Because the record does not indicate that the bankruptcy court abused its discretion, we AFFIRM.

We have jurisdiction over all final decisions of district courts rendered on appeal from a bankruptcy court. 28 U.S.C. § 158(d); *Matter of Koerner*, 800 F.2d 1358, 1360 (5th Cir. 1986). A bankruptcy court has broad discretion in determining "cause" under § 1112(b), and such decisions are reviewed for abuse of discretion. *Matter of Sullivan Cent. Plaza I, Ltd.*, 935 F.2d 723, 728 (5th Cir. 1991); *Matter of Koerner,* 800 F.2d at 1367-68.

The court "shall convert a case under [Chapter 11] to a case under [C]hapter 7 . . . for cause." 11 U.S.C. § 1112(b)(1). And included in the non-exhaustive list of what constitutes "cause" are the following: a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation" and an "inability to effectuate substantial consummation of a confirmed plan." *Id.* § 1112(b)(4)(A), (M).

During the show-cause hearing, Assadi, proceeding *pro se*, admitted that he had no personal bank account, that he was using one of his business's bank accounts (opened and funded after filing his Chapter-11 petition) for

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

personal expenses, and that he had unpaid pre-petition domestic support obligations. The bankruptcy judge also determined that Assadi had no consistent income and that Assadi's only substantial assets were his real properties, to which he had bad title. The bankruptcy court found that, together, these facts reflected a high likelihood of a failed reorganization attempt. Therefore, the bankruptcy court did not abuse its discretion in finding that there was cause for conversion.

We find all other arguments raised by Assadi to be meritless. The district court did not err in affirming the conversion of Assadi's case from one under Chapter 11 to one under Chapter 7.

The district court's judgment is AFFIRMED.